**SO ORDERED.**

**SIGNED this 17 day of May, 2013.**

_____
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: ) | CASE NO.: 13-01394-8-SWH |
| MARK EDWARD DOWDY ) | |
| ) | |
| DEBTOR ) | CHAPTER 13 |

### ORDER AVOIDING JUDICIAL LIEN

This matter comes before the Court upon Debtor's Motion to Avoid Lien of RWF Construction LLC (hereinafter, "the Creditor"), and it appearing to the Court that the Debtor served a copy of the Motion and Notice of Motion on the appropriate parties; and

**IT APPEARING FURTHER** to the Court that the time for those parties to respond has expired with no response having been filed. From Debtor's uncontroverted motion the Court makes the following findings of fact:

1. That this matter is a core proceeding pursuant to 28 U.S.C. Section 157, and that the Court has jurisdiction pursuant to 28 U.S.C. §§151, 157 and 1334.

2. The Debtor owns the real estate located at 12617 Richmond Run Dr., Raleigh, NC 27614, (hereinafter, the "Property") and more particularly in the Wake County Register of Deeds, Book 10613, Page 2368. The Debtor uses this property as his

residence, and he claims an exempt interest in the residence in the amount of $30,000.00. The description is as follows:

> That certain parcel of land situated in Wake County, North Carolina and more particularly described as follows:
>
> BEING all of Lot 7008, Dunleith Subdivision, Phase 1, at Wakefield Plantation, as recorded in Book of Maps 1998, Page 2277, Wake County Registry.

3. Details with respect to the value of the property are as follows;

   a. The Debtor has the property on the market for sale at $750,000.00

   b. The Debtor believes, but does not know, that he will be able to sell the Property for $725,00.00-$750,000.00, if the Property is sold through multiple listings with a standard real estate commission.

   c. The Debtor is obligated to pay a 6.0% commission upon the sale of the Property.

4. The Property is encumbered by the following liens superior to the liens of the Creditor.

   a. A first lien to Wake County Revenue Collector in the amount of $11,681.17. The amount of the debt will increase with the accrual of interest.

   b. A debt to Carrington Mortgage Services, Inc. secured by a valid and enforceable deed of trust in the amount of $630,251.94, approximately, as of March 15, 2013. Interest accrues on the debt on a daily basis.

5. That the Debtor is indebted to the Creditor in the approximate amount of $653,995.73.

6. That as security for this debt to the Creditor, the Creditor has a judicial lien against the Property of the Debtor described in paragraph 2 below pursuant to a judgment entered on October 29, 2009, Wake County Superior Court, Case Number 08 CVD 18770.

7. That the judicial lien of the Creditor on the Property impairs the Debtor's right to exemption in the real property set out in paragraph 2.

8. An order avoiding the judicial lien of the Creditor as set out in the order below will properly implement the provision of 11 U.S.C. § 522(f)(1) and (2).

**WHEREFORE IT IS ORDERED AS FOLLOWS**

Upon the sale of the property identified in paragraph 2 above, the gross proceeds of the sale shall be distributed as follows:

1. All liens superior to the lien of the Creditor be paid.

2. The real estate commissions of 6.0% be paid.

3. All other closing costs typically incurred by a seller, such as deed preparation and revenue stamps, be paid.

4. The Debtor receive $30,000.00.

5. Any remaining funds be distributed to the Creditor, RWF Construction, LLC.

**END OF DOCUMENT**